IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch

Civil Action No. 12-cv-00421-RPM

MID-CENTURY INSURANCE COMPANY,
a/s/o The Charter at Beaver Creek Condominium Association,

    Plaintiff,

v.

INSULVAIL, LLC, and
FIRE SPRINKLER SERVICES, INC.,

    Defendants.

_____

## ORDER GRANTING INSULVAIL'S MOTION FOR SUMMARY JUDGMENT
_____

This is a subrogation claim by Plaintiff Mid-Century Insurance Company ("Mid-Century") against Defendant InsulVail, LLC, for damages from a fire sprinkler system break in a building owned by Mid-Century's subrogor, The Charter at Beaver Creek Condominium Association ("The Charter"). Defendant has moved for summary judgment of dismissal. The claim is based on the following factual record.

In January 2010, following a complaint that a bathroom in Building Five, Unit 5345 was cold, Bryan Gonzales, The Charter's Maintenance Director, contacted InsulVail, LLC to blow in fiberglass insulation in the attic above the bathroom.

The agreement between The Charter and InsulVail, signed on January 12, 2010, stated that InsulVail's "work will be completed in a workmanlike fashion in accordance with the standards of the industry." It did not make any reference to the wet sprinkler system.

1

Martin Conejos, an InsulVail employee, installed the insulation soon thereafter in January 2010.  He noticed that insulation was missing in another part of the attic, but he did not report that observation to The Charter, nor did he replace the insulation himself.

Bryan Gonzales testified at his deposition that he or someone on The Charter staff most likely inspected the attic space of Building Five in November or December 2010 to ensure there was no insulation missing or out of place.  The purpose of the inspection was to prevent freeze breaks in the winter.  Apparently nothing out of the ordinary was noticed.

On the evening of January 2, 2011, outside temperatures in the vicinity of The Charter were recorded between -5 and -18 degrees Fahrenheit.  A wet sprinkler fitting above Unit 5345 froze and burst.  The fitting was in an area of the attic adjacent to the insulation work done by InsulVail.  The resulting flow of water from the sprinkler pipe extensively damaged four floors of Building Five.

Mid-Century maintains that InsulVail's promise of workmanlike performance created a duty to ensure that its insulation would not create a risk of freeze loss, and that Martin Conejos breached that duty by installing insulation in such a way that the wet sprinkler pipe was isolated from the heat rising up from the Unit's bathroom.  Mid-Century further claims that Conejos' duty extended to addressing gaps in pre-existing insulation in other parts of the attic, either by fixing them himself or alerting someone else, which he failed to do.

The premise of Plaintiff's claim is that if the insulation had not been installed, the warm air from the bathroom would have prevented the freeze.  That is implausible.  There is no explanation for the fact that the pipe fitting did not freeze at any time during the year following InsulVail's work.  As Plaintiff's counsel conceded at oral argument, the record

2

establishes a different cause:  a gap in batt insulation between the attic's knee wall studs that exposed the sprinkler pipe to cold outside air.

Plaintiff attempts to hold InsulVail liable based on a claim that Mr. Conejos should have replaced the missing insulation or reported it to an employee of The Charter.  InsulVail was hired to install insulation above the bathroom of the Unit in a workmanlike manner. That did not include an inspection of all of the insulation in the attic.  Mr. Conejos did not have a common law duty to report or otherwise act upon the observations he made while performing his limited work, for which $483 was paid.

Accordingly, it is

ORDERED that Defendant InsulVail, LLC's Motion for Summary Judgment is granted.  The Clerk shall enter judgment dismissing this civil action as to InsulVail and awarding costs.

Dated:  July 26, 2013.

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch
Senior District Judge